UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSEPH GOLDSTEIN,

                      Petitioner,

      - against -

WILLIAM F. HULIHAN,

                      Respondent.
------------------------------------------------------------------x

09-CV-6824 (CS) (PED)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Appearances:

Joseph Goldstein
Sonyea, New York
Pro Se *Petitioner*

Bonnie M. Mitzner
Sullivan County District Attorney's Office
Monticello, New York
*Counsel for Respondent*



Seibel, J.

    Before the Court are: 1) Petitioner Joseph Goldstein's Objections, dated March 9, 2011, and March 13, 2011, (Docs. 17-18), to the Report and Recommendation ("R&R") of United States Magistrate Judge Paul E. Davison, dated February 28, 2011, (Doc. 15), recommending dismissal without prejudice of Petitioner's Petition pursuant to 28 U.S.C. § 2254, (Doc. 1); and 2) Respondent William Hulihan's Response thereto, dated March 24, 2011, (Doc. 19). Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

I.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 6(d) (providing an additional three days where service made by mail or electronically). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[1]; *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *1-2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general

---

[1] Petitioner will be provided with copies of all unreported cases cited in this Order.

objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

II.  Discussion

Petitioner objects that Judge Davison wrongly regarded as unexhausted his claims that: 1) his counsel's ignorance of the law of reckless endangerment constituted ineffective assistance of counsel; 2) his counsel's failure to move to dismiss (on either grounds of insufficient evidence or multiplicity) constituted ineffective assistance of counsel; and 3) his plea was invalid because he was never informed of the elements of depraved indifference. In so doing, Petitioner points to the caption of Point III of his brief to the New York Court of Appeals, which stated, among other things, that Petitioner's "Counsel Made No Motions . . . And Inexplicably Advised Him To Plead Guilty Several Days Following His Indictment . . . ." (Doc. 18 Ex. A at 47.)[2] He argues

---

[2]  In the exhibits filed with Respondent's opposition to the Petition, counsel for Respondent included, under the tab purportedly for Petitioner's Brief to the Court of Appeals,

that this language "subsumed" the claims in the instant Petition that Judge Davison regarded as unexhausted.

Even if the passing reference in the Point III caption to Petitioner's counsel's general failure to file motions were considered to be sufficient to have "fairly presented" to the state courts, *Jiminez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (internal quotation marks omitted), the claim of failing to move to dismiss for insufficient evidence or multiplicity – a dubious proposition, as there would be nothing to put the state court on notice as to which motions might have been appropriate – and I were therefore to consider that claim exhausted,[3] there remain claims within the Petition that are unexhausted. Nothing in the statement to which Petitioner points, or elsewhere in the record, would fairly present the claim that counsel failed to undertake factual investigation. The claim that counsel advised Petitioner to plead guilty days after he was indicted would not put the state court on notice that an ineffective-assistance claim for failure to investigate was intended, especially where Petitioner's arrest had occurred months before his indictment, giving his counsel ample time for investigation.[4] And Petitioner does not even argue

---

another copy of Petitioner's Brief to the Appellate Division, Third Department. (*See* Doc. 6 Exs. Q, AA.) The error is of no moment because Petitioner has supplied the relevant pages of his Brief to the Court of Appeals. (Doc. 18 Ex. A.)

[3] I will also assume that the claim of ineffective assistance based on ignorance of the law of reckless endangerment was fairly presented and therefore exhausted.

[4] Judge Davison treated the failure-to-investigate claim together with the failure-to-move-to-dismiss claim, and may have regarded both as unexhausted but procedurally barred. (*See* R&R at 14-15.) On the other hand, he specified that only the "indictment-based" ineffective assistance claims were unexhausted but procedurally barred, (*id.* at 15), and therefore may have meant to exclude the failure-to-investigate claim from that category. In any event, the failure-to-investigate claim is, to my mind, not indictment-based, and involves facts outside the record, so it would properly be treated as unexhausted but not procedurally barred. (*See id.* at 16-17.)

that anything in his briefs to the state courts fairly presented the claim that his plea was invalid because he had not been advised of the elements of depraved indifference.

Because there are at least two unexhausted claims that are not procedurally barred, Judge Davison properly considered the Petition as a mixed petition, and dismissed it based on Petitioner's choice not to exhaust or excise the unexhausted claims. (*See* R&R at 17.)

Petitioner objects that he cannot exhaust the unexhausted claims through a motion pursuant to New York Criminal Procedure Law 440, because there are no available judges, the trial judge having recused himself and the other judge being the same person whose effectiveness as a trial-court defense lawyer Petitioner is challenging. Assuming that none of Sullivan County's regular County Court judges were available to hear such an application, New York law contains provisions for the temporary assignment of a judge from outside the County. *See* N.Y. Const. Art. 6, Sec. 26; 22 N.Y.C.R.R. § 33.0. Accordingly, Petitioner's claim that he cannot exhaust is without merit.

## Conclusion

I adopt the R&R as the decision of the Court. The Petition is dismissed without prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: October 18, 2011
      White Plains, New York

*[signature]*
CATHY SEIBEL, U.S.D.J.