```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSEPH GOLDSTEIN,

                         Petitioner,

        - against -

WILLIAM F. HULIHAN,

                         Respondent.
-----------------------------------------------------------------x

09-CV-6824 (CS) (PED)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Seibel, J.

     Before the Court is Petitioner Joseph Goldstein's Objections, dated April 15, 2012, (Doc. 59), to the Report and Recommendation ("R&R") of United States Magistrate Judge Paul E. Davison, dated April 6, 2012, (Doc. 58), recommending denial of Petitioner's Motion, (Doc. 50), pursuant to Fed. R. Civ. P. 15, to Amend his Petition pursuant to 28 U.S.C. § 2254, (*see* Doc. 1). Familiarity with the procedural history, the R&R, the issues presented, and the standard governing District Court review of R&Rs, is presumed.

     Judge Davison recommended that the Motion be denied on the basis that this Court lacked jurisdiction to grant it because of Petitioner's pending appeal from my dismissal of the underlying Petition. (R&R at 6-7.) In his Objections, Petitioner points out that the appeal is no longer pending because the Second Circuit dismissed it on March 15, 2012. While that decision may lift one procedural roadblock to amendment, it creates another. Had the Circuit remanded the Petition, amendment under Rule 15 would appropriately be considered. *See Ching v. United States*, 298 F.3d 174, 179 n. 4 (2d Cir. 2002). But where the appeal is dismissed and the District Court's judgment stands, Petitioner may not amend unless a motion to alter or vacate the judgment under Fed. R. Civ. P. 59(e) or 60(b) is first granted. *See Williams v. Citigroup, Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (*per curiam*).

Judge Davison considered whether, construing Petitioner's application as a motion under either of those Rules, relief should be granted. I concur with Judge Davison that relief under Rule 59(e) is precluded as untimely. I further concur that relief under Rule 60(b) is not appropriate because Petitioner is seeking relief from the consequences of his deliberate choice, made with knowledge of the consequences, to pursue a potentially mixed petition rather than exhaust the claims that Magistrate Judge Davison had identified as appearing to be unexhausted.

Even if I were to bypass the requirements of Rule 60 and reach the merits of Petitioner's application under the liberal standard of Rule 15, denial of leave to amend would be appropriate. While Rule 15 applies to *habeas* proceedings, *see Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 815-16 (2d Cir. 2000), the District Court should exercise its discretion under Rule 15 to deny leave where necessary "to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001). Petitioner's "deliberate abandonment" of his opportunity to exhaust the unexhausted claims in his mixed petition would have constituted "[a]buse of the writ" under prior jurisprudence, *McCleskey v. Zant*, 499 U.S. 467, 489 (1991), and District Courts should exercise their discretion under Rule 15 to "safeguard[] against the possibility that Rule 15's amendment procedures will be exploited by petitioners for the purpose of undermining the rules designed to prevent abuse of the writ," *Ching*, 298 F.3d at 180. Petitioner's tactics strike me as dilatory and otherwise abusive. Thus, even if I were to reach the Rule 15 issue, I would deny leave.

Petitioner argues in his Objections that his deliberate decision not to fully exhaust the Petition should be excused because, during the February 23, 2011 telephone conference in which Magistrate Judge Davison offered him the opportunity to request a stay in order to exhaust his claims, he was flustered and anxious and unable to articulate his concerns. (Doc. 59 at 2-3.) The

2

record reflects, however, that Judge Davison had, on January 14, 2011, issued a detailed order explaining the exhaustion issue. (Doc. 11.) Petitioner could not have been surprised by the fact that he was asked to make a decision during the telephone conference, and had had more than a month to consider the situation and decide on a course of action. He "rejected any suggestion that his petition was 'mixed,' and repeatedly declined [Judge Davison's] express invitation to seek a stay in order to exhaust claims in state court." (R&R at 3.) Further, in his Objections to Judge Davison's original R&R, (Doc. 17), Petitioner adhered to the position that he had fully exhausted all his claims, and raised no issue regarding any surprise or confusion he allegedly had experienced during the telephone conference. In light of the record, I am unpersuaded that Petitioner's decision not to exhaust was unintentional or the product of confusion.

For the reasons stated above, I adopt the R&R as the decision of the Court. I decline to vacate the judgment or permit Petitioner to amend the Petition. Accordingly, the dismissal of the Petition without prejudice stands.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997).

**SO ORDERED.**

Dated: April 24, 2012
       White Plains, New York

                              _____
                              CATHY SEIBEL, U.S.D.J.